### JOHN C. SWITZER, Impl'd,

### v.

### THOMAS LOTTENVILLE ET AL.

PRACTICE—CONTINUANCE.—Before the cause was reached for trial in the court below, appellant moved for a continuance on account of the absence of a material witness, supporting his motion by affidavit: *Held*, that the affidavit was in due form, containing all the requirements of the statute, the evidence was shown to be material, and the court should have granted the motion, or compelled the appellees to admit the affidavit in evidence.

APPEAL from the Circuit Court of Iroquois county; the Hon.

FRANKLIN BLADES, Judge, presiding. Opinion filed July 16, 1879.

Mr. ROBERT DOYLE, for appellant; contending that a continuance should have been granted, cited Shirwin v. The People, 69 Ill. 55; Richards Iron Works v. Glennon, 71 Ill. 11; Rev. Stat. 1877, 739.

A rule of court that contravenes a statutory right is void: Fisher v. Nat. Bank of Com. 73 Ill. 34; 73 Ill. 412.

Mr. FREE P. MORRIS and Messrs. STEARNS & AEMOS, for appellees; that appellant had not used due diligence in presenting his motion, cited Rev. Stat. 1874, Ch. 110, § 43.

That appellant was liable personally: Mosher v. Kitchell, 87 Ill. 18.

LACEY, J. This suit was originally commenced before a justice of the peace by appellees against appellant for an account of $52.72, for goods, wares and merchandise sold and delivered. The defense set up by appellant was that the goods were obtained by him in his official capacity of Supervisor of Poperean town for one of its paupers, on account of the county of Iroquois, and not on his individual account.

On the other hand, it was claimed by appellees that appellant guaranteed the payment of the goods, and that they gave the credit to him and not to the county, and that he so authorized it to be done at the time or before the goods were delivered to the pauper.

On appeal to the Circuit Court, on the day the cause was set for trial, and four days before the cause was tried, appellant moved the court for a continuance of the cause, on account of the absence of a material witness, one Robert Goodfellow, and supported said motion by his own affidavit, in which he set up and showed to the court the materiality of the evidence; that his attendance could not be procured on account of sickness of witness; that Goodfellow was a resident of Poperean town; that the witness has been duly subpœnaed to attend; that he had just learned, March 4, 1879, of his sickness, and that he

knew of no person by whom he could prove the above facts except himself.

The court overruled the motion for a continuance, and compelled the appellant to proceed without the evidence.

The trial resulted in verdict for appellees.

A motion by appellant was made for new trial, which motion was overruled and judgment rendered against him.

Appellant brings the cause to this court, and assigns for error the refusal by the court below to grant a continuance, also its refusal to grant a new trial.

The affidavit is in due form and contains all the requirements of the statute, and the evidence was shown to have been material. Statute, 1874, page 780, Secs. 43, 44. The court below should have continued the cause or have compelled the appellees to admit the affidavit in evidence under said Sec. 44 of the statute. The appellant used due diligence, and was entitled to a continuance.

Appellees claim that in accordance with certain rules of the court below, entered of record and adopted by the judges of the court, the appellant was in fault in not making his application sooner. In other words, in accordance with such rules, the appellant had not used due diligence in making his application for a continuance.

We have examined the record and bill of exceptions, and we are unable to find any reference or mention of any such rules in the entire record. We cannot know of the existence of such rules without they appear somewhere in the record.

For failure of the Circuit Court to grant a continuance on appellant's motion, the judgment of the court below is reversed and the cause remanded.

Reversed and remanded.